Pierre G. Lundberg, J.
By order dated July 12, 1972, this indictment was dismissed by me sua sponte pursuant to CPL 210.40, in the furtherance of justice. By order dated April 2, 1973, the Appellate Division (People v. Clayton, 41 A D 2d 204) reversed on the law and remanded the case to this court for a hearing. The order of reversal requires the trial court, when acting on its own motion, to afford notice of its intention to both the People and defendant and to afford both a hearing. While, heretofore, no guidelines have existed, it seems to me that this is a wise and better procedure.
By mutual consent, the hearing was held on May 9, 1973, at which time witnesses were presented only by the defendant, and the People and defendant argued their respective causes. Over objection of the defendant, I determined to take testimony from the trial Assistant District Attorney as to the witnesses still available to the prosecution and their expected testimony, in camera, with a full stenographic record available for appellate review only. This was done on May 11, 1973. In addition I have fully examined the court file and have made inquiry of the People as to the existence of Grand Jury minutes and trial minutes, some of which are presently available.
Defendant is now 54 years of age; from February, 1953 until March, 1972 he was incarcerated in State penal institutions. Since his release on his own recognizance by the Court of Appeals, Second Circuit, defendant has been aided by the Fortune Society. In turn, he has aided the Fortune Society and other ex-convicts seeking to return to society. The administrator of the society, David Rothenberg, in his testimony characterized defendant as an inspiration to other ex-convicts ■— to them he is an example to follow, recidivism is not the only road open to them.
Defendant is steadily employed with W-2 earnings for partial 1972 of $3,348. He and Donald Seidel have a two-year lease on *514 an apartment at 184 East Third Street, New York City, expiring November 30, 1974.
The People have located approximately 18 witnesses, many of whom were formerly employed as migrant laborers and who now reside at various locations throughout the southeastern United States. Of the four material witnesses held, at the prior trial, in jail from November, 1952 until February, 1953, three have been located. The People do not believe there will be any necessity to hold them as material witnesses on a retrial nor do the People believe it will be necessary to hold a fifth person previously held as a material witness for only a week. The People can prove the corpus delecti and the experienced chief trial assistant is of the opinion that a prima facie case can be established without the tainted confession. ;
On February 4, 1947, defendant was sentenced to three years in the State Penitentiary for burglary on his plea of guilt in Lauderdale County, Mississippi. In prior proceedings defendant contends he was unrepresented by counsel and certified copies of the Mississippi proceedings tend to confirm that contention. Prior to the instant charge, defendant had just completed a 30-day sentence in the Suffolk County Jail for assault third degree. It would appear that he was also arrested in Florida at an earlier date for assault but no disposition is noted.
The People rightfully contend it is their sworn duty and obligation to retry and attempt to convict the defendant; the People further stipulate that defendant has paid for his crime and no further punishment is necessary. The People do not believe a dismissal of this indictment would be in the interest of justice.
In substance the position of the People has not changed from their position in July, 1972. In its decision, the Appellate Division summarized my reasons for dismissal and pointed out that ‘ ‘ these considerations might be modified or amplified by other events relevant to the interests of justice ” (People v. Clayton, 41 A D 2d 204, 207, supra). At page 208 the court enumerated seven criteria to be utilized in determining the presented issue.
Murder in the second degree was the verdict of the jury and that is the permissible limit of retrial (Green v. United States, 355 U. S. 184; Benton v. Maryland, 395 U. S. 784; People v. Jackson, 20 N Y 2d 440, 448, 449; People v. Ressler, 17 N Y 2d 174). Proof of felony murder is impermissible at a retrial since that is solely first degree murder (former Penal Law, § 1044, subd. 2). Absent the confession, proof of an intentional murder would appear difficult viewing the proof presently available in the most favorable light.
*515 I have previously discussed the prior record and punishment suffered. Everyone seems to agree there is no purpose in further punishment; hence, its effect could only be deleterious.
The passage of time seems more harmful to the People than to the defendant but undoubtedly there is prejudice to him in trying a case 21 years after the event.
The testimony of the administrator for the Fortune Society makes it abundantly clear that there will be an unfavorable impact on the public interest should Clayton be distracted from the assistance he is currently giving that Society. A dismissal of the indictment, under the circumstances, will have no unfavorable impact on this community.
In addition to all the reasons set forth by me in my prior decision of July 5,1972,1 would now add chapters 276, 277, 278 of the Laws o| 1973 as an additional compelling reason to dismiss this indictment in the furtherance of justice so that the People and the court can discharge their trial responsibilities concerning current and future indictments.
In futherance of justice, this indictment is dismissed.